**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY LANGSTON, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>AMERICAN HONDA MOTOR CO., INC.,<br><br>　　　　　　　　　　　Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Timothy Langston ("Plaintiff") brings this action on behalf of himself and all others similarly situated against Defendant American Honda Motor Co., Inc. ("Honda" or "Defendant") for the manufacture, marketing, and sale of portable generator products identified below. Plaintiff makes the following allegations pursuant to the investigation of his counsel and based upon information and belief, except as to the allegations specifically pertaining to himself, which are based on personal knowledge.

## NATURE OF ACTION

1. This is a class action against Defendant American Honda Motor Co., Inc. ("Honda" or "Defendant") for the manufacture and sale of Honda EU2200i, EU2200i Companion, EU2200i Camo, and EB2200i Portable Generators (collectively, the "Generators" or the "Products"), all of which suffer from an identical design defect that Defendant fails to disclose to consumers at the time of purchase.

2. The design defect causes the Products to "leak gasoline from [their] fuel valves, posing severe fire and burn hazards."[1] This defect has rendered the Products unsuitable for their principal and intended purpose. Upon information and belief, the Products' defective nature spans across the above-listed models because they are all manufactured by one manufacturer and have essentially identical electrical, physical, and functional characteristics, which utilize the same or similar components for each model. Thus, the defect manifests itself equally across the models of Honda Generators specified above.

3. On March 20, 2019, Defendant issued a recall of the Products. The recall states that "Honda has received 19 reports of fuel leaking from the fuel valve."[2] Prior to the recall, Defendant had exclusive knowledge of the defect, which was not known to Plaintiff or Class Members.

4. But Honda's recall is insufficient. It was designed so that Honda could retain as much of its unlawful profits as possible while also providing as little benefits to purchasers as possible.

---

[1] https://www.cpsc.gov/Recalls/2019/american-honda-recalls-portable-generators-due-to-fire-and-burn-hazards.
[2] *Id.*

5. Notably, Honda's recall provides for minimal notice to class members. Honda claims to be "contacting all known purchasers directly," but this excludes tens if not hundreds of thousands of consumers who purchased Defendant's Generators at third-party retail stores. Moreover, Honda has only offered to repair the Generators. Honda has not offered any form of monetary relief to purchasers.

6. However, even consumers who attempt to have their Product repaired are facing difficulty due to unavailability of replacement parts. Indeed, an April 18, 2019 letter from Defendant posted on its website, powerequipment.honda.com, acknowledges that consumers are facing "frustration and inconvenience" due to the recall, while also stating that "[w]e empathize with those customers waiting to have recall repairs performed by their authorized Honda Power Equipment servicing dealer due to an insufficient supply of replacement parts."[3]

7. Honda sold the Products to unsuspecting consumers upon the material omission that the Products were fit for their intended purpose. None of these customers would have purchased the Products had they known of this highly material fact.

8. Honda knew about the Products' defect before Plaintiff ever purchased his generator because the same defect at issue here has been an ongoing problem with Honda's portable generators.

9. Indeed, over the last several years, Honda has recalled hundreds of thousands of its portable generators – through multiple recalls – due to the generators' dangerous propensity to leak fuel. Over the last several years, Honda has also directly received over 50 complaints regarding fuel leaking from its portable generator products. Given the similarity and consistency of these complaints, Honda clearly knew that fuel leakage has been a continuous issue among its portable generator products.

10. For instance, in November of 2012, Honda issued a recall of its portable generator products because, according to Honda, "[t]he generator's fuel hose can leak, posing fire and burn hazards."[4] This recall states that "Honda is aware of four incidents of fuel leaks." *Id.*

---

[3] http://cdn.powerequipment.honda.com/pe/pdf/Recalls/Consumer-parts-letter.pdf.
[4] https://www.cpsc.gov/Recalls/2013/American-Honda-Recalls-Portable-Generators-Due-to-Fire-and-Burn-Hazards.

11. In December of 2017, Honda issued another recall of its portable generator products after receiving dozens of reports from consumers of fuel leaking from the generators.[5] Here too, Honda admitted that its portable generators "can leak gasoline, posing fire and burn hazards."[6] This recall states that Honda "has received 38 reports of fuel leakage from the generators." *Id.*

12. With hundreds of thousands of units sold at approximately $1,100 to $1,300 each, Honda has profited enormously from its failure to timely disclose the product defect to purchasers.

13. Although Honda sells the Products through its authorized dealerships, Plaintiff and Class Members are intended third-party beneficiaries of the contractual relationship between Honda and its dealers because Honda's authorized dealers, franchisees, representatives, and agents were not intended to be the ultimate consumers of the Products and have no rights under the warranty agreements or contracts of sale provided with the Products. Defendant Honda Motor Co. knows that consumers are the end-users of its Products.

14. Indeed, upon information and belief, the contracts between Defendant American Honda Motor Co. and its authorized dealers state that it is the dealer's obligation "to promote and sell, at retail, Honda Products."

15. Upon information and belief, the contracts between Defendant American Honda Motor Co. and its authorized dealers also explicitly state that "Dealer agrees that it will expressly incorporate any warranty furnished by American Honda with a [Honda Product] as part of each order form or other contract for the sale of such [Honda Product] by Dealer <u>to any buyer</u>." (emphasis added).

16. Accordingly, the warranty agreements covering the Products at issue were designed for and intended to benefit only the ultimate purchasers, such as Plaintiff and Class Members.

17. As a direct result of Honda's actions, Plaintiff and Class Members have suffered injury in fact, have been damaged, and have suffered a loss of money or property for having paid more money than they otherwise would have for a dangerous and defectively designed Product.

---

[5] https://www.cpsc.gov/Recalls/2018/American-Honda-Recalls-Portable-Generators-Due-to-Fire-and-Burn-Hazards
[6] https://www.cpsc.gov/Recalls/2018/American-Honda-Recalls-Portable-Generators-Due-to-Fire-and-Burn-Hazards

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                                3

18. Plaintiff brings claims against Defendant individually and on behalf of a class of all other similarly situated purchasers of the Products for (1) violation of California's Consumers Legal Remedies Act ("CLRA"), Civil Code §§ 1750, *et. seq.*; (2) violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210; (3) unjust enrichment; (4) breach of implied warranty; (5) violation of California's False Advertising Law ("FAL"), Cal. Bus & Prof Code § 17500, and (6) violation of the Magnuson-Moss Warranty Act.

**PARTIES**

19. Plaintiff Timothy Langston is a citizen of California, residing in the Shingle Springs, California. On October 2, 2018, while in the state of California, Mr. Langston purchased two 2018 Honda EU2200i Portable Generators bearing Serial Nos. EAMT-1172020 and EAMT-1174534 from an online retailer. Mr. Langston paid a total of $2,358.43, including tax. Prior to purchase, Mr. Langston was not made aware of the fact that the Product is defective and poses a severe safety hazard, which was only in the possession of Defendant. Mr. Langston reviewed the Product's listed features prior to purchase, but nothing on the Product's description disclosed this material fact. Mr. Langston purchased the Product because he believed it was fit for use as a portable generator. However, the Product Mr. Langston purchased was not fit for use as a portable generator due to the Product's dangerous defect. Mr. Langston would not have bought the Product, or would have only done so on substantially different terms, had he known that the Product leaks gasoline from its fuel valve, rendering it both dangerous and useless.

20. Defendant American Honda Motor Co., Inc. is a California corporation with its principal place of business in Torrance, California. Defendant Honda markets and sells its portable Generators widely throughout the United States. Upon information and belief, Defendant Honda has sold hundreds of thousands of these defective Generators. Plaintiff reserves his right to amend this Complaint to add different or additional defendants, including, without limitation, any officer, director, employee, supplier, or distributor of Honda Portable Generators who has knowingly and willfully aided, abetted, or conspired in the false and deceptive conduct alleged herein.

**JURISDICTION AND VENUE**

21. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

22. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within California such that Defendant has significant, continuous, and pervasive contacts with the State of California.

23. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does substantial business in this District, a substantial part of the events giving rise to Plaintiff's claims took place within this District because Plaintiff purchased his Product in this District and resides in this District.

**CLASS REPRESENTATION ALLEGATIONS**

24. Plaintiff seeks to represent a class defined as all persons in the United States who purchased a Honda EU2200i, EU2200i Companion, EU2200i Camo, and/or EB2200i Portable Generator (hereafter, the "Class"). Excluded from the Class are persons who made such purchases for purpose of resale.

25. Plaintiff also seeks to represent a subclass of all Class Members who purchased the Products in the State of California (the "Subclass"). Excluded from the Class are persons who made such purchases for purpose of resale.

26. Subject to additional information obtained through further investigation and discovery, the above-described Classes may be modified or narrowed as appropriate, including through the use of multi-state subclasses.

27. At this time, Plaintiff does not know the exact number of members of the aforementioned Class and Subclass ("Class Members" and "Subclass Members," respectively); however, given the nature of the claims and the number of retail stores in the United States selling Defendant's Products, Plaintiff believes that Class and Subclass members are so numerous that joinder of all members is impracticable.

28. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class that predominate over questions that may affect individual Class members include:

    (a) whether Defendant breached implied warranties to Class members;

    (b) whether Defendant failed to disclose material facts concerning the Products;

    (c) whether Defendant's conduct was unfair and/or deceptive;

    (d) whether Defendant has been unjustly enriched as a result of the unlawful conduct alleged in this Complaint such that it would be inequitable for Defendant to retain the benefits conferred upon Defendant by Plaintiff and the Class;

    (e) whether Plaintiff and the Class sustained damages with respect to the common law claims asserted, and if so, the proper measure of their damages.

29. With respect to the Subclass, additional questions of law and fact common to the members that predominate over questions that may affect individual members include whether Defendant violated the California Consumer Legal Remedies Act as well as California's False Advertising Law and Unfair Competition Law.

30. Plaintiff's claims are typical of those of the Class because Plaintiff, like all members of the Class, purchased, in a typical consumer setting, Defendant's Products, and Plaintiff sustained damages from Defendant's wrongful conduct.

31. Plaintiff will fairly and adequately protect the interests of the Class and Subclass and has retained counsel that is experienced in litigating complex class actions. Plaintiff has no interests which conflict with those of the Class or the Subclass.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The prosecution of separate actions by members of the Class and the Subclasses would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another might not. Additionally, individual actions could be dispositive of the

interests of the Class and the Subclasses even where certain Class or Subclass members are not parties to such actions.

## COUNT I

### Violation of California's Consumers Legal Remedies Act ("CLRA"), California Civil Code § 1750, *et seq.*

34. Plaintiff incorporates by reference and re-allege herein all paragraphs alleged above.

35. Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendant.

36. Civil Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have." Civil Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Civil Code § 1770(a)(9) prohibits "advertising goods or services with intent not to sell them as advertised."

37. Defendant violated Civil Code § 1770(a)(5), (a)(7) and (a)(9) by holding out Products as fit for use as generators, when in fact the Products were defective, dangerous, and unfit for use as generators.

38. The fuel leak defect at issue here involves a critical functional component of the Products, and it renders them unfit for use as generators.

39. Defendant had exclusive knowledge of the Products' defect, which was not known to Plaintiff or class members.

40. Defendant made partial representations to Plaintiff and class members, while suppressing the Defect. Specifically, by displaying the product and describing its features, Defendant implied that the product was suitable for use as a generator, without disclosing that the Products had a critical defect that would render the Products unfit for use as such.

41. Plaintiff and the members of the Subclass have suffered harm as a result of these violations of the CLRA because they have incurred charges and/or paid monies for the Products that they otherwise would not have incurred or paid.

42. On March 25, 2020 prior to the filing of this Complaint, Plaintiff's counsel sent Defendant a CLRA notice letter, which complies in all respects with California Civil Code §1782(a). The letter also provided notice of breach California consumer protection law and implied warranties. The letter was sent via electronic mail, which Defendant's counsel accepted on Defendant's behalf, advising Defendant that it was in violation of the CLRA and demanding that it cease and desist from such violations and make full restitution by refunding the monies received therefrom. The letter stated that it was sent on behalf of Plaintiff and all other similarly situated purchasers.

43. Plaintiff and the Subclass members seek all relief available under the CLRA, including damages, restitution, the payment of costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court.

## COUNT II
### (Violation California's Unfair Competition Law)

44. Plaintiff incorporates by reference and re-allege herein all paragraphs alleged above.

45. Plaintiff brings this claim individually and on behalf of the members of the proposed Subclass against Defendant.

46. By committing the acts and practices alleged herein, Defendant has violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210, as to the Subclass, by engaging in unlawful, fraudulent, and unfair conduct.

47. Defendant has violated the UCL's proscription against engaging in unlawful conduct as a result of its violations of the CLRA, Cal. Civ. Code § 1770(a)(5) and (a)(7) as alleged above.

48. Defendant's acts and practices described above also violate the UCL's proscription against engaging in fraudulent conduct.

49. As more fully described above, Defendant's misleading marketing, advertising, description, and labeling of the Products is likely to deceive reasonable consumers.

50. Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

51. Plaintiff and the other Subclass members suffered a substantial injury by virtue of buying the Products that they would not have purchased absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and omission about the defective nature of the Products, or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled product.

52. There is no benefit to consumers or competition from deceptively marketing and omitting material facts about the defective nature of the Products.

53. Plaintiff and the other Subclass members had no way of reasonably knowing that the Products they purchased were not as marketed, advertised, packaged, or labeled. Thus, they could not have reasonably avoided the injury each of them suffered.

54. The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiff and the other members of the Subclass.

55. Pursuant to California Business and Professional Code § 17203, Plaintiff and the Subclass seek an order of this Court that includes, but is not limited to, an order requiring Defendant to: (a) provide restitution to Plaintiff and the other Subclass members; (b) disgorge all revenues obtained as a result of violations of the UCL; (c) pay Plaintiff's and the Subclass' attorney's fees and costs.

## COUNT III
### (Unjust Enrichment)

56. Plaintiff incorporates by reference and re-allege herein all paragraphs alleged above.

57. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

58. Plaintiff and Class members conferred benefits on Defendant by purchasing the Products.

59. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' purchases of the Products. Retention of those moneys under these circumstances is unjust and inequitable because Defendant failed to disclose that the Products were unfit for use as generators. These omissions caused injuries to Plaintiff and Class members because they would not have purchased the Products if the true facts were known.

60. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiff and Class members for its unjust enrichment, as ordered by the Court.

## COUNT IV
**(Breach of Implied Warranty Under the Song-Beverly Act, Cal. Civ. Code § 1790 *et seq*. and California Commercial Code § 2314)**

61. Plaintiff incorporates by reference and re-allege herein all paragraphs alleged above.

62. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

63. Under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code § 1790, et seq., and California Commercial Code § 2314, every sale of consumer goods in this State is accompanied by both a manufacturer's and retail seller's implied warranty that the goods are merchantable, as defined in that Act. In addition, every sale of consumer goods in this State is accompanied by both a manufacturer's and retail seller's implied warranty of fitness when the manufacturer or retailer has reason to know that the goods as represented have a particular purpose (here, to be used as generators) and that the buyer is relying on the manufacturer's or retailer's skill or judgment to furnish suitable goods consistent with that represented purpose.

64. The Products at issue here are "consumer goods" within the meaning of Cal. Civ. Code § 1791(a).

65. Plaintiff and the Class members who purchased one or more of the Products are "retail buyers" within the meaning of Cal. Civ. Code § 1791.

66. Defendant is in the business of manufacturing, assembling, producing and/or selling the Products to retail buyers, and therefore are a "manufacturer" and "seller" within the meaning of Cal. Civ. Code § 1791.

67. Defendant sells its products through a network of authorized and certified dealers. Defendant has entered into various contractual agreements with its dealers. The dealers were not the intended beneficiaries of the warranties associated with the Products. Plaintiff and the Class members were the intended beneficiaries of the warranties associated with the Products.

68. Defendant impliedly warranted to retail buyers that the Products were merchantable in that they would: (a) pass without objection in the trade or industry under the contract description, and (b) were fit for the ordinary purposes for which the Products are used. For a consumer good to be "merchantable" under the Act, it must satisfy both of these elements. Defendant breached these implied warranties because the Products were defective. Therefore, the Products would not pass without objection in the trade or industry and were not fit for the ordinary purpose for which they are used.

69. Plaintiff and Class members purchased the Products in reliance upon Defendant's skill and judgment in properly packaging and labeling the Products.

70. The Products were not altered by Plaintiff or Class members.

71. The Products were defective at the time of sale when they left the exclusive control of Defendant. The Products' fuel leak defect described in this complaint was latent in the product and not discoverable at the time of sale.

72. Defendant knew that the Products would be purchased and used without additional testing by Plaintiff and Class members.

73. As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and Class members have been injured and harmed because they would not have purchased the Products if they knew the truth about the Products, namely, that they were unfit for use as generators.

## COUNT V
**(Violations of California's False Advertising Law)**

74. Plaintiff incorporates by reference and re-allege herein all paragraphs alleged above.

75. Plaintiff brings this cause of action individually and on behalf of the proposed Subclass.

76. As alleged more fully above, Defendant has falsely advertised the Products by failing to disclose they are defectively designed and thus unfit for use as generators.

77. Plaintiff and the other members of the Subclass have suffered injury in fact and have lost money or property as a result of Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500 *et seq.*

## COUNT VI
**(Violation Of The Magnuson-Moss Warranty Act,
15 U.S.C. §§ 2301, *et seq.*)**

78. Plaintiff incorporates by reference and re-allege herein all paragraphs alleged above.

79. Plaintiff brings this claim individually and on behalf of the members of the proposed Class and Subclass against Defendant.

80. The Products are consumer products as defined in 15 U.S.C. § 2301(1).

81. Plaintiff and the Class and Subclass members are consumers as defined in 15 U.S.C. § 2301(3).

82. Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

83. In connection with the marketing and sale of the Products, Defendant impliedly warranted that the Products were fit for use as generators. The Products were not fit for use as generators due to the Products' fuel leak defect described in the allegations above.

84. By reason of Defendant's breach of warranties, Defendant violated the statutory rights due Plaintiff and the Class and Subclass members pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*, thereby damaging Plaintiff and the Class and Subclass members.

85. Plaintiff and the Class and Subclass members were injured as a direct and proximate result of Defendant's breach because they would not have purchased the Products if they knew the truth about the defective nature of the Products.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a. For an order certifying the nationwide Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass members;

b. For an order declaring the Defendant's conduct violates the statutes referenced herein;

c. For an order finding in favor of Plaintiff, the nationwide Class, and the Subclass on all counts asserted herein;

d. For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

e. For pre-judgment interest on all amounts awarded;

f. For an order of restitution and all other forms of monetary relief;

g. For an order awarding Plaintiff and the Class and Subclass their reasonable attorneys' fees and expenses and costs of suit.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

Dated: May 5, 2020

Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:         */s/ L. Timothy Fisher*

L. Timothy Fisher (State Bar No. 191626)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: ltfisher@bursor.com

*Counsel for Plaintiff*

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, L. Timothy Fisher, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court. I am a partner at Bursor & Fisher, P.A., counsel of record for Plaintiff Timothy Langston in this action. Plaintiff Timothy Langston resides in Shingle Springs, California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2. The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Eastern District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Walnut Creek, California this 5th day of May 2020.

*/s/ L. Timothy Fisher*
L. Timothy Fisher